**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-22951-CV-WILLIAMS**

HUMBERTO GONZALEZ CONSUEGRA,

Plaintiff,

v.

TRIDENT SEAFOODS CORPORATION, *et al.*,

Defendants.
______________________________________________/

# ORDER

**THIS MATTER** is before the Court on Magistrate Judge Eduardo I. Sanchez's Report and Recommendations (DE 69) ("***Report***") on Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law (DE 21) ("***Defendants' Motion to Dismiss***") and Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (DE 23) ("***Plaintiff's Motion***"). In the Report, Judge Sanchez recommends that Defendants' Motion to Dismiss be **GRANTED IN PART**, and that Plaintiff's Motion be **DENIED AS MOOT**. (DE 69). Plaintiff timely filed objections to the Report (DE 72) and a declaration in support of the objections (DE 73) (collectively "***Objections***"). For the reasons set forth below, the Court **ADOPTS** Judge Sanchez's Report.

## I. BACKGROUND

Mr. Consuegra, proceeding *pro se*, filed an initial complaint against Defendant Trident Seafoods Corporation ("Trident") and Defendants Abel Hernandez, Olvin Hernandez, and Pedro Buena, who all worked for Trident. (DE 1). This Court found that the initial complaint was "an impermissible shotgun pleading" and required Mr.

Consuegra to file an amended complaint that complied with Federal Rules of Civil Procedure 8(a) and 10(b) and addressed the deficiencies identified by Defendants. *See* (DE 17). The Order further instructed Mr. Consuegra to “sufficiently plead that jurisdiction and venue are proper before this Court” and advised that “[f]ailure to comply with this Order will result in dismissal of this case without further notice.” *Id*.

On October 9, 2026, Mr. Consuegra filed his Amended Complaint in which he invoked Title VII of the Civil Rights Act of 1964 and listed claims for discrimination, sexual harassment, hostile work environment, willful withholding of salary, abuse of power, wrongful termination, and equal employment opportunity against Defendants. (DE 20). With respect to jurisdiction, the Amended Complaint alleges that Defendant Trident is a national and international fishing company, based out of Seattle, Washington that operates forty vessels and several shore plants including in Alaska, Washington, Georgia, and Minnesota. (DE 20 at 12). The Amended Complaint also alleges that Defendant Trident has sales offices and manufacturing plants in China, Japan, and Germany. *Id*.

Defendants filed Defendants’ Motion to Dismiss on November 24, 2025. (DE 21). Defendants argue, among other grounds, that the Amended Complaint should be dismissed because Plaintiff has failed to state a claim, has failed to establish proper venue, has failed to establish personal jurisdiction over Defendants, and has failed to properly serve Defendants with process. (*Id*. at 1, 4-19). In support of the motion to dismiss, Defendants submitted declarations pursuant to 28 U.S.C. § 1746 explaining that none of the Defendants were citizens of Florida, save for Defendant Olvin Hernandez, who stated that he has not resided in the Southern District of Florida since

2002. (DE 21-1, DE 21-3, DE 21-4, DE 21-5). Defendant Trident further advised that Plaintiff exclusively worked for Defendant Trident in Alaska and did not do any work for Trident in Florida. (DE 21-1 at ¶11).

Defendants' declarations also addressed service of process deficiencies. (DE 21-1, DE 21-3, DE 21-4, DE 21-5). The individual Defendants stated that they were never personally served with the summons or complaint and that they did not authorize anyone to accept service on their behalf. (DE 21-3, DE 21-4, DE 21-5). Defendant Trident states that the summons and complaint were mailed to an individual who "is not, and has never been, an officer of [Trident], a managing or general agent of [Trident], or an agent authorized by [Trident] to accept service on its behalf." (DE 21-1 at ¶ 12).

Plaintiff filed two responses (DE 23, DE 27), including a new claim that "THE DEFENDANT IS FLORIDA CITIZEN AND OWNS PROPERTY THERE" and is therefore subject to the Court's personal jurisdiction. (DE 23 at 12). Neither response, however, includes any evidence rebutting Defendants' affidavits or supporting Plaintiff's new claim regarding Defendant's citizenship and property ownership.

After Defendants' Motion to Dismiss was fully briefed, Judge Sanchez entered his Report recommending that Defendants' Motion to Dismiss be granted in part based on a finding that the Court lacked personal jurisdiction over the non-resident Defendants and that Plaintiff failed to properly effect service of process on any Defendant. (DE 69). Mr. Consuegra timely filed his Objections. (DE 72, DE 73). In his Objections, Mr. Consuegra largely reasserts the allegations in the Complaint and raises—for the first time—that Trident was subject to the Court's jurisdiction because it corresponded with him regarding his employment while he was in Florida. (*Id.*) Mr. Consuegra also points

out a deficiency in Defendant Olvin Hernandez's declaration, which he argues establishes that the Court has jurisdiction over Defendant Olvin Hernandez. (*Id.*) Further, in his declaration, Mr. Consuegra included several exhibits, only one of which—a certified mail receipt from the United States Postal Service presumably as evidence of mailing the summons and complaint—that bears any relation to the Report. (DE 73).

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. Fla. Mag. J. R. 4(a). When a party timely objects to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

As a rule, courts should address issues relating to jurisdiction before reaching the merits of the plaintiff's claims. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (cleaned up). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *See Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Once the

defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id*.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quotation, citation, and alteration omitted), *superseded on other grounds by* Fed. R. Civ. P. 4(k)(2) (1993). As such, "an individual or entity is not obliged to engage in litigation unless officially notified of the action. . . under a court's authority, by formal process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003).

## III. DISCUSSION

The Court agrees with the Report's conclusion that the Court lacks personal jurisdiction over Defendants Trident, Defendant Pedro Buena and Defendant Abel Hernandez ("***Non-resident Defendants***"). (DE 69 at 7). The Non-resident Defendants provide sworn declarations that they are citizens of other states and not subject to the Court's general jurisdiction. (DE 21-1, DE 21-3, DE 21-4). Mr. Consuegra does not produce any evidence to rebut the declarations.

Instead, Mr. Consuegra attempts to invoke Florida's Long Arm Statute, Fla. Stat. § 48.193, alleging for the first time in the Objections, that Defendant Trident contacted him while in Florida. (DE 72 at 4). To begin, because the allegations are not in the Amended Complaint, the Court need not consider them. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (finding that trial court properly refused

to consider documents and arguments not in, or attached to, the amended complaint when evaluating a motion to dismiss); *Fis. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Nevertheless, allegations that Trident's limited communications with Mr. Consuegra to coordinate his employment are not sufficient to evidence activity that is "substantial and not isolated [] within [Florida]" such that Trident would be subject to this Court's jurisdiction. Fla. Stat. § 48.193(2).

Further, Mr. Consuegra points to Defendant Olvin Hernandez's declaration that omitted the state of Florida from his address as evidence that Defendant concealed that he is a resident of Florida. (DE 73). The omission is immaterial to the Report's conclusions. Indeed, the Report acknowledged that Mr. Hernandez was a resident of Florida but concluded that he was not properly served and therefore not subject to the Court's jurisdiction. (DE 69).

In his Objections, Mr. Consuegra attempts to address service of process deficiencies by appending certified mail receipts from the United States Postal Service, presumably as evidence of service of process. (DE 73). These exhibits, however, do not address the procedural deficiencies identified in Defendants' Motion to Dismiss. As a threshold matter, no Defendant acknowledged waiving service of process, nor did any Defendant agree to service by mail. (DE 21-1, DE 21-3, DE 21-4, DE 21-5). Further, Defendant Trident states that no "officer, [] managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . ." received a copy of the summons and complaint as contemplated by Federal Rule of Civil Procedure 4(h). (DE 21-1). Instead, Mr. Consuegra explains that he mailed the summons and complaint to Shawn North, who he believed to be the person in charge at Trident and

who was represented by Trident to be the final arbiter of his employee complaints. (DE 72 at 6). Mr. Consuegra's belief regarding the person authorized to receive service on behalf of Trident is not sufficient to permit a departure from the proscribed method for service under the Federal Rules of Civil Procedure. As such, the Court agrees with the Report's conclusion that service of process was deficient as to all of the Defendants.

The Court finds that the Report correctly concludes that Plaintiff's Motion was incorrectly titled and is instead a response to Defendants' Motion to Dismiss. As such, denying Plaintiff's Motion as moot is proper.

## IV. CONCLUSION

Upon a careful review of the Report, the Objections, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Sanchez's Report (DE 69) is **AFFIRMED**.
2. Plaintiff's Amended Complaint (DE 20) is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (DE 23) is **DENIED AS MOOT**.
4. Plaintiff has fourteen (14) days from the date of this Order to file a Second Amended Complaint. Plaintiff must sufficiently plead that jurisdiction and venue are proper before this Court, and in particular jurisdiction over the Nonresident Defendants. Failure to do so will result in dismissal of this action.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 29th day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**

**Humberto Gonzalez Consuegra**
85 NW 17th Place
Miami, FL 33125
13155 NE West Dixie Hwy
North Miami, FL 33161
Email: dsimon107@yahoo.com